Dear Mayor Mayeux:
You state the Town of Pollock is considering changing the terms of compensation of the town alderman from $50.00 for each council meeting attended to $50.00 per month regardless of whether an alderman actually attended the scheduled monthly meeting.
We find this to be a permissible action by the board of alderman which can be effectuated immediately, as the change would apparently increase each alderman's compensation. The legal problem arises when there is a reduction of compensation of an elected official in the term for which the official is elected. LSA-R.S. 33:404.1 applicable to the Lawrason Act Town of Pollock provides:
§ 404.1 Compensation of municipal officers
 The board of aldermen shall by ordinance fix the compensation of the mayor, aldermen, clerk, chief of police, and all other municipal officers. The board of aldermen shall also by ordinance have the authority to increase or decrease the compensation of any non-elected municipal officer and to increase the compensation of elected officials except as otherwise provided by LSA-R.S. 33:405(G). However, the board of aldermen shall not reduce the compensation of the mayor or any elected official during the term for which he is elected. (Emphasis added).
Note further the constitutional protection afforded by LSA-Const. Art. 6 § 12 (1974) providing:
§ 12 Local Officials; Compensation
 Section 12. The compensation or method of fixing the compensation of an elected official of any local governmental subdivision which operates under a home rule charter or plan of government, as provided in Sections 4 and 5 of this Article, shall be provided in it charter. The compensation or method of fixing the compensation of an elected official of any other local governmental subdivision shall be provided by law. Compensation of a local official shall not be reduced during the term for which he is elected. (Emphasis added).
We conclude your contemplated board action is legally permissible.
We would caution you that an alderman could conceivably be guilty of public pay roll fraud should he habitually absent himself from scheduled meetings. LSA-R.S. 14:138 provides:
§ 138. Public pay roll fraud
Public pay roll fraud is committed when:
 (1) Any person shall knowingly receive any payment or compensation, or knowingly permit his name to be carried on any employment list or pay roll for any payment or compensation from the state, for services not actually rendered by himself, or for services grossly inadequate for the payment or compensation received or to be received according to such employment list or pay roll; or
 (2) Any public officer or public employee shall carry, cause to be carried, or permit to be carried, directly or indirectly, upon the employment list or pay roll of his office, the name of any person as employee, or shall pay any employee, with knowledge that such employee is receiving payment or compensation for services not actually rendered by said employee or for services grossly inadequate for such payment or compensation.
 This article shall not apply in a situation where a bona fide public officer or public employee, who is justifiably absent from his job or position for a reasonable time, continues to receive his usual compensation or a part thereof.
 Whoever commits the crime of public pay roll fraud shall be fined not more than one thousand dollars, ir [or] imprisoned, with or without hard labor, for not more than two years, or both. (Emphasis added).
Such conduct would also be prohibited by constitutional mandate as LSA-Const. Art. VII, Section 14(A) (1974) prohibits unlawful expenditures of public funds.
Should you have further questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Received: Date Released: June 26, 1996
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL